UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CHESTER VOSS,

        Plaintiff,

v.                                                                 Case No. 21-cv-1269-bhl

JEANETTE KARA CORBETT, ET AL,

        Defendants.

## ORDER GRANTING MOTIONS TO DISMISS
## AND DISMISSING COMPLAINT AS TO ALL DEFENDANTS

        On November 2, 2021, *pro se* plaintiff Chester Voss filed a complaint against defendants Jeanette Kara Corbett, Travis R Vickney, Nicole A Thorstenson, Connie Ludtke, Carrie Lea Spikes, and Lydia Wilson. ECF No. 1. Four of these six defendants have since appeared and individually filed motions to dismiss. ECF Nos. 3, 4, 7, 8, 15, 16, 24, 27. Two of these four motions, Corbett's and Wilson's, are fully briefed. *See* ECF Nos. 13, 21. With respect to the remaining motions, Voss has filed a motion for an extension of his time to respond, ECF No. 30—although it is unclear if this motion pertains to Vickney's motion to dismiss, ECF No. 16, to Thorstenson's, ECF No. 27, or both.

        In their briefs, the defendants make admirable efforts to sift through Voss's complaint and identify the alleged facts and legal claims made therein. But the Court cannot determine from Voss's complaint which claims he purports to bring against each defendant. The Federal Rules of Civil Procedure require a complaint to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Because it is unclear to the Court which claims, and under what authority, Voss brings against each defendant, Voss's complaint will be dismissed for failure to comply with Rule 8(a)(2).[1]  Even though the Court must liberally construe pleadings of *pro se* litigants, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), it is not the Court's role to manufacture Voss's claims for him.  *See Iqbal*, 556 U.S. at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (noting Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"); *Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)) ("[E]ven *pro se* litigants must follow rules of civil procedure.").

The Court will allow Voss the opportunity to file an amended complaint, clarifying his allegations and describing plausible legal claims against each defendant.  If he decides to proceed with an amended complaint, Voss should only name as defendants those specific individuals or entities that directly violated his rights.  He should explain how each named defendant violated his rights and describe the injuries he suffered due to those violations.  He should also include a statement specifically explaining why this Court has jurisdiction over his claims.  Voss is advised that his amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint."  The amended complaint will take the place of the original complaint and must be complete in itself without reference to the original complaint.  *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998).  In other words, Voss cannot simply file a supplement to his original complaint.  Instead, he must file a new, coherent complaint that contains all of the allegations against all of the defendants against whom he seeks to state a claim.  He must

---

[1] Defendants also move to dismiss Voss's complaint on grounds of improper service, pursuant to Fed. R. Civ. P. 12(b)(4) and 12(b)(5).  *See, e.g.*, ECF No. 8 at 6–7.  The Court does not reach this issue.

properly serve the amended complaint to each of the named defendants pursuant to Fed. R. Civ. P. 5.

Accordingly,

**IT IS HEREBY ORDERED** that the motions to dismiss, ECF Nos. 4, 8, 16, 27, are GRANTED, and for the reasons provided above Voss's complaint is DISMISSED without prejudice as to all defendants. **IT IS FURTHER ORDERED** that Voss's motion for an extension of time, ECF No. 30, is DENIED as moot. Should Voss wish to proceed with his case, he must file an amended complaint on or before March 4, 2022. If he does not, the action will be dismissed according to Civil L. R. 41(c) for Voss's failure to prosecute.

Dated at Milwaukee, Wisconsin on January 28, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge