UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CHESTER VOSS,

          Plaintiff,

v.                                                                           Case No. 21-cv-1269-bhl

JEANETTE KARA CORBETT, ET AL,

          Defendants.

## ORDER GRANTING MOTIONS TO DISMISS AMENDED COMPLAINT

       On November 2, 2021, *pro se* plaintiff Chester Voss filed a complaint against defendants Jeanette Kara Corbett, Travis R. Vickney, Nicole A. Thorstenson, Connie Ludtke, Carrie Lea Spikes, and Lydia Wilson. ECF No. 1. Four of the defendants filed motions to dismiss. ECF Nos. 4, 8, 16, 27. On January 28, 2022, the Court granted the motions and dismissed Voss's claims without prejudice because the complaint did not meet the pleading standards of Fed. R. Civ. P. 8(a)(2). ECF No. 31. The dismissal order instructed Voss on how to comply with Rule 8:

> If [Voss] decides to proceed with an amended complaint, [he] should only name as defendants those specific individuals or entities that directly violated his rights. He should explain how each named defendant violated his rights and describe the injuries he suffered due to those violations. He should also include a statement specifically explaining why this Court has jurisdiction over his claims.

ECF No. 31 at 2.

       Voss filed a timely amended complaint, but his effort only partially complied with the Court's instructions. ECF No. 32. He dropped two of the original six defendants and more clearly identified the remaining defendants and what they allegedly did, but his amendment took several other steps backward. The amended complaint scatters Voss's narrative of the facts among several pages of conclusory legal assertions, requiring the Court and the defendants to decipher even the basic story of the events he contends underly his claims.

       Unsurprisingly, each of the remaining defendants has moved to dismiss. ECF Nos. 33, 35, 38, 41. Voss has not timely responded to any of these latest motions. Given his failure to respond,

and because the amended complaint still fails to state a claim, the Court will dismiss the amended complaint with prejudice.

## BACKGROUND ALLEGATIONS

Voss alleges that as of December 2019, he owned and/or managed a 15-year-old business that had 10 employees and 6 clients. ECF No. 32 at 5. The business was an "Adult Family Group Home" that offered housing to at least some of the clients. *Id.* at 7.

Voss contends that West Bend Police Detective Travis Vickney had malice against him. *Id.* at 6. On December 5, 2019, Vickney arrested Voss on the basis of a harassment complaint made by one of Voss's clients. *Id.* at 5–6. (The client may also or alternatively have been one of Voss's employees. *See id.* at 5 (referring to a disgruntled "client"); *id.* at 6 (referring to a disgruntled "employee").) Vickney knew but failed to report that the client who made the complaint was "disgruntled" because she was going to be evicted. *Id.* at 6. Voss also contends that Vickney fabricated evidence. *Id.* Following a decision not to prosecute, Voss was released. *Id.* at 5.

Vickney arrested Voss again on December 20, 2019. *Id.* at 6. This arrest followed allegations that Voss had committed "2nd degree sexual assault / at a facility, a class C fel[o]ny," against a former client. *Id.* at 5, 6. The charges were dismissed in June 2020. *Id.* at 5. Voss claims the former client who made the sexual assault complaint "had a history [of] delusional events," that he had the client "removed" from the Group Home more than a year prior to Voss's second arrest, and that he had never been alone with the client during the relevant time period. *Id.* at 6. He further claims that Vickney neither investigated nor reported these exculpatory facts during the criminal investigation but instead fabricated evidence against Voss. *Id.* Voss insists Vickney simply wanted to harm Voss and/or shut down the Group Home, and he used spurious allegations against Voss as convenient means to that end. *Id.*

Voss further alleges that Vickney was not the only person who had it out for him. Voss alleges that Washington County Assistant District Attorney Jeanette Corbett fabricated evidence, called for a high cash bail for Voss, and overlooked inconsistencies in the allegations against him. *Id.* at 5. The office where Nicole A. Thorstenson worked as an employee for the Washington County Human Services Department[1] received a letter from the "Department of Health Services,

---

[1] Voss describes Thorstenson only as a "WCHSD / ACS" employee. ECF No. 32 at 7. The Court assumes that this acronym refers to the Washington County Human Services Department/Adult Community Services. *See Health &*

Quality Division" stating that the department had looked into complaints about Voss's business and had determined there to be no "substantiated finding" about them. *Id.* at 7. But Thorstenson, out of reckless malice, proceeded to attend a meeting with the Washington County District Attorney's office where that letter, and Voss's overall compliance with the law, "was not given consideration." *Id.* Thorstenson also had some or all of Voss's clients removed from the Group Home. *Id.* And Lydia Wilson, an employee of Inclusa, Inc., maliciously withheld psychiatric medical information about one of Voss's accusers. *Id.* at 8. Months before Voss's arrests, Wilson had also maliciously withheld information and/or provided false information about Voss's company to the Department of Health Services. *Id.*

## LEGAL STANDARD

When deciding a Rule 12(b)(6) motion to dismiss, the Court must "accept all well-pleaded facts as true and draw reasonable inferences in the plaintiffs' favor." *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016) (citing *Lavalais v. Vill. of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013)). "To survive a motion to dismiss, the complaint must 'state a claim to relief that is plausible on its face.'" *Roberts*, 817 F.3d at 564 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Roberts*, 817 F.3d at 564–65 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002). It also "must do more than recite the elements of a cause of action in a conclusory fashion." *Roberts*, 817 F.3d at 565 (citing *Iqbal*, 556 U.S. at 678).

"[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.")). But "it is also well established that pro se litigants are not excused from compliance with procedural rules." *Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)). "District courts are not charged with seeking out legal 'issues lurking within the confines' of the *pro se* litigant's pleadings[.]" *Kiebala*

---

*Human Services*, WASHINGTON COUNTY, https://www.washcowisco.gov/departments/health___human_services (last visited April 27, 2022).

*v. Boris*, 928 F.3d 680, 684–85 (7th Cir. 2019) (citing *Caruth v. Pinkney*, 683 F.2d 1044, 1050 (7th Cir. 1982)).

## ANALYSIS

While Voss's amended complaint is suggestive of several theories under which the defendants could be found liable for the misconduct he alleges, Voss fails to identify any specific legal basis for his claims. The Court must therefore dismiss the amended complaint because it does not give the defendants fair notice of the claims being brought against them.[2] *See Swierkiewicz*, 534 U.S. at 512.

The claim Voss most prominently suggests is a claim for violations of his constitutional rights under 42 U.S.C. § 1983. He cites the statute frequently in the amended complaint. *See* ECF No. 32 at 5, 6, 7, 8. But "[t]o state a claim under [Section] 1983 a plaintiff must allege . . . the [defendant's conduct] deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Case v. Milewski*, 327 F.3d 564, 566 (7th Cir. 2003) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988); *Yang v. Hardin*, 37 F.3d 282, 284 (7th Cir. 1994); *Moore v. Marketplace Rest., Inc.*, 754 F.2d 1336, 1352 (7th Cir. 1985)). "Section 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (citing *Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979)).

Voss fails to identify what specific federal rights he was deprived of by any of the defendants. Perhaps he intends to assert a due process violation: He alleges that the defendants "fabricated" evidence, and in some contexts this "[could] support a due process claim under [Section] 1983." *See Saunders-El v. Rohde*, 778 F.3d 556, 559 (7th Cir. 2015). Or perhaps Voss is making a suppression-of-evidence claim under *Brady v. Maryland*, 373 U.S. 83 (1963). Other Section 1983 claims are also conceivable. Conceivability, however, is not the hallmark of a successfully alleged claim. To survive dismissal, a complaint needs to do more than hint at potential theories that may be identified in the future. It must plainly identify the claims the plaintiff intends to pursue and give the defendants fair notice as to what is at stake and why. But Voss's amended complaint leaves the defendants and the Court to guess as to the federal rights

---

[2] The Court does not reach other arguments raised by the defendants, such as Vickney's argument that he was improperly served, *see* ECF No. 39 at 6 (citing Fed. R. Civ. P. 12(b)(4) and 12(b)(5)), or Corbett's argument that she enjoys certain prosecutorial immunities. *See* ECF No. 33 at 1–2 (citing *Imbler v. Pachtman*, 424 U.S. 409, 422–31 (1976); *Archer v. Chisholm*, 870 F.3d 603, 612 (7th Cir. 2017)).

violations at the heart of his Section 1983 claims. This falls short of his pleading obligations. *See Swierkiewicz*, 534 U.S. at 512. While the Court is obligated to liberally construe a *pro se* plaintiff's complaint, it need not speculate about every possible way a half-formed claim might have merit. *See Kiebala*, 928 F.3d at 684–85.[3]

## CONCLUSION

For the reasons given above,

**IT IS HEREBY ORDERED** that Defendants' Motions to Dismiss, ECF Nos. 33, 35, 38 & 41, are **GRANTED**. Plaintiff's Amended Complaint, ECF No. 32, is **DISMISSED with prejudice**. The Clerk of Court is directed to enter judgment for Defendants.

Dated at Milwaukee, Wisconsin on April 28, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

---

[3] A Section 1983 claim must also allege that "the conduct complained of was committed by a person acting under color of state law." *Case v. Milewski*, 327 F.3d 564, 566 (7th Cir. 2003). For the purpose of this order, the Court assumes without deciding that this element is satisfied. This is a generous assumption. Voss alleges that Vickney was acting as a West Bend Police Detective and Corbett was acting as a Washington County Assistant District Attorney. ECF No. 32 at 5, 6. Voss describes Thorstenson only as a "WCHSD / ACS" employee. *Id.* at 7. The Court assumes that this acronym refers to the Washington County Human Services Department/Adult Community Services, and that Thorstenson acted under color of state law through that agency. *See Health & Human Services*, WASHINGTON COUNTY, https://www.washcowisco.gov/departments/health___human_services. Voss says Wilson worked for a company, Inclusa, that contracted with the State of Wisconsin. ECF No. 32 at 8. This could indicate that Wilson acted under color of state law. *See Manhattan Cmty. Access Corp. v. Halleck*, 139 S. Ct. 1921, 1931 (2019).